HUBBARD v. MUTUAL ACC. ASS'N.

(Circuit Court, E. D. Pennsylvania. June 25, 1897.)

ACCIDENT INSURANCE—CONSTRUCTION OF POLICY—DEATH FROM CONCURRENT CAUSES.

Under an accident policy which expressly stipulates against liability for death from accident unless the accident is the proximate and sole cause, there can be no recovery where the death of the insured resulted from a rupture of the heart caused in part by its diseased condition, and in part from a fall, neither cause in itself being sufficient to cause death.

On Motion for New Trial.

Joseph L. Tull, for plaintiff.
Read & Pettit, for defendant.

BUTLER, District Judge. The only material question raised by the rule for new trial is—did the court misconstrue the policy? When the policy was first presented for consideration the inclination of my mind was with the plaintiff. It seemed at first blush that a different construction might, and probably would, render a majority of such policies valueless, inasmuch as a large proportion of the insured are, probably, affected with some disease, which in case of accident might contribute to the fatal consequences which ensue; and that the language might receive a construction which would support the plaintiff's view. A careful reading of the policy however and a cursory examination of the authorities during the trial, satisfied me that my first impression could not be sustained. The company defendant very carefully stipulates against responsibility for death from accident where the accident is not the proximate and sole cause of death. The case is not distinguishable from Association v. Shryock, 20 C. C. A. 3, 73 Fed. 774. The similarity of the two cases in all particulars is very remarkable; the language of the policy, the nature of the accident, (a fall), and the insured's previous bodily disease are the same. And while the trial judge held as I was at first inclined to do, the court of appeals construed the policy as I eventually did—the one before me; and held that the plaintiff could not recover if the disease entered into the cause of death—in other words, if the fall would not have produced death but for the disease. The court might have avoided this question, it is true, inasmuch as a reversal was necessary on another account; but it did not choose to do so, probably, because as it is said (page 5, 20 C. C. A., and page 776, 73 Fed.) the question "had been lately discussed and decided in the same way by the court" in several instances, citing eight cases. In Association v. Fulton, 24 C. C. A. 654, 79 Fed. 423, the United States court of appeals for the Second circuit under similar circumstances held the same way. The English courts, as may be seen by the following cases, have construed similar policies in the same manner: Cawley v. Association, 1 Cababe & E. 597–599; Whitehouse v. Insurance Co., 7 Ins. Law J. 23, 31, Fed. Cas. No. 17,566; McCarthy v. Insurance Co., 8 Biss. 363, 365–367, Fed. Cas. No. 8,682. While such provisions in policies may be unreasonable, or seem so, the court must give them effect as they are written. If the assured chooses to bind himself to such a stipulation he must bear the consequences; the court cannot relieve him.