HUBBARD v. TRAVELERS' INS. CO.

(Circuit Court, E. D. Pennsylvania. December 30, 1899.)

ACCIDENT INSURANCE—CONSTRUCTION OF POLICY—DEATH FROM CONCURRENT CAUSES.

An accident policy insured against death only when resulting from bodily injuries through external, violent, and accidental means, "independently of all other causes," and provided that the insurance did not cover death "resulting wholly or partly, directly or indirectly, from any of the following causes: * * * Disease or bodily infirmity, hernia, fits, vertigo, sleepwalking." *Held,* that the phrases, "all other causes," and "disease or bodily infirmity," were not limited by the subsequent enumeration of specific diseases or infirmities, and that the policy did not cover death resulting from a rupture of the heart caused in part by its diseased condition, and in part by a fall on a slippery pavement.

On Motion for New Trial.

Samuel P. Tull and Geo. T. Bispham, for plaintiff.

Frank P. Prichard, for defendant.

McPHERSON, District Judge. The insured died from a rupture of the heart caused in part by a diseased condition of that organ, and in part by a fall upon a slippery pavement. It is conceded that the fall would not have killed him if his heart had been sound, and also that the diseased heart would not have killed him, at the time when the accident happened, if the fall had not occurred. The question of remote and proximate cause need not be discussed, for the policy expressly provides that the company is only to be liable in case of death "resulting from bodily injuries * * * through external, violent, and accidental means, * * * independently of all other causes," and provides, also, that "this insurance does not cover * * * death * * * resulting, wholly or partly, directly or indirectly, from any of the following causes: * * * Disease or bodily infirmity, hernia, fits, vertigo, sleepwalking." It is undenied that the death of the insured did not result from external, violent, and accidental means, independently of all other causes, but was caused in part, and at least indirectly, by a disease, namely, fatty degeneration of the heart. The sole question, therefore, is one of construction, and may be stated thus: Taking the foregoing provisions together, do they mean that the phrase, "all other causes," and the phrases, "any of the following causes: * * * Disease or bodily infirmity, hernia, fits, vertigo, sleepwalking,"—are limited to the diseases or bodily infirmities named,—hernia, fits, vertigo, and sleepwalking?

I think this question must be answered in the negative. If the four diseases or infirmities just named had been omitted, the meaning of the language quoted would scarcely admit of doubt. But it seems to me just as clear that their insertion does not limit the preceding phrase, "disease or bodily infirmity." They were probably used to prevent dispute concerning the true nature of these four varieties of perils, and to make it certain that, however they might be classified, the policy did not cover death resulting from either.

Other clauses follow, specifying additional risks against which the policy does not insure; and, if these clauses are examined, I think it will appear plainly that each is separated from the others, and stands by itself. I am unable to distinguish the case from Association v. Shryock, 20 C. C. A. 3, 73 Fed. 774; Association v. Fulton, 24 C. C. A. 654, 79 Fed. 423; and Hubbard v. Association (C. C.) 98 Fed. 930,—the last citation being a suit growing out of the accident now in controversy, and decided by Judge Butler more than two years ago (No. 62 of October sessions, 1895).

A new trial is refused.