## INTERSTATE BUSINESS MEN'S ACCIDENT ASS'N v. LEWIS.

(Circuit Court of Appeals, Eighth Circuit.    April 7, 1919.)

No. 5278.

1. STIPULATIONS ⬤⟞14(4)—CONSTRUCTION—STIPULATION OF FACTS.

Stipulation of facts, in action on accident policy, that the scarf pin used by insured in pricking pimple communicated the infection into the tissues of the lip, *held* properly construed as meaning that the pin itself was infected.

2. INSURANCE ⬤⟞455—ACCIDENT INSURANCE—"ACCIDENTAL MEANS."

Means of death were accidental, within an accident policy, where deceased selected a scarf pin, in ignorance of its infected condition, to puncture a pimple.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accidental Means.]

3. INSURANCE ⬤⟞146(3)—CONSTRUCTION OF POLICY—RESOLVING DOUBT.

Rule of construction that doubt should be resolved against insurer cannot be applied to a clause which is reasonably clear.

4. INSURANCE ⬤⟞530—ACCIDENT INSURANCE—DEATH RESULTING FROM INFECTION.

Where insured punctured a pimple with an infected pin, in ignorance that pin was infected, and infection was immediately communicated and spread, whether death ensuing therefrom be ascribed to the original injury, under the doctrine of proximate cause, or whether the infection be deemed a part of the injury, the case is governed by the clause of the policy providing that whenever, as the direct result of an injury occurring solely by external, violent, and accidental means, the skin is punctured, and there is introduced into the system through the puncture, and by the same means causing the puncture, any bacteria which shall produce blood poisoning or infection, indemnity for disability or death resulting therefrom shall not exceed $500.

5. INSURANCE ⬤⟞530—ACCIDENT POLICY—SKIN.

The definite article before the word "outer," in clause of accident policy limiting liability, relative to puncturing "the skin or the outer covering of the eye," shows the word "skin" refers to the skin of the body, and not the outer covering of the eye.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Action by Maude Lewis, executrix of John Folger Bailey, deceased, against the Interstate Business Men's Accident Association. Judgment for plaintiff, and defendant brings error. Reversed, with instructions.

R. M. Haines, of Des Moines, Iowa (Dunshee, Haines & Brody, of Des Moines, Iowa, on the brief), for plaintiff in error.

Eugene D. Perry, of Des Moines, Iowa (H. H. Stipp, R. J. Bannister, Vincent Starzinger, and H. B. Bradbury, all of Des Moines, Iowa, on the brief), for defendant in error.

---

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
257 F.—16

Before CARLAND and STONE, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. This is an action to recover a death indemnity alleged to be due and payable by the plaintiff in error, hereafter defendant, to the estate of John F. Bailey, deceased. The case was heard by the trial court, sitting without a jury, upon the pleadings and a stipulation of facts. Judgment was rendered in favor of the defendant in error, hereafter plaintiff. Section 10, article 6, of the articles of incorporation of defendant, and paragraphs 7 and 8 of the stipulation of facts, read as follows:

"Section 10. The association shall pay to the beneficiary designated in writing by any member of the accident department, who must be either the surviving wife or heir of such member, the proceeds of one assessment of $2 on each member of the accident department in good standing at the time of the accident, to an amount not exceeding $5,000, on account of the death of any member of the accident department occurring within 90 days from the happening of the accident and resulting directly and without intervening cause from a bodily injury sustained by the member while in good standing and effected solely by external, violent, and accidental means, subject only to the conditions, provisions and limitations of the by-laws."

"(7) That prior to his injury the insured, John F. Bailey, was a strong and vigorous man, actively engaged in his business, and apparently in excellent health. That on or about the 5th day of July, 1915, he discovered a small pimple on the right side of his upper lip. That upon discovering said pimple, while alone and in the absence of any eyewitness, he removed his gold scarf pin from his necktie and intentionally pricked said pimple with said scarf pin. That his lip at said place became immediately infected with staphylococci infection from the pricking of said pimple with said scarf pin. That said infection spread rapidly over the right side of his face and extended to his nose and eye. That medical treatment was received by said insured, but that his physicians were unable to arrest the spread of said infection, which resulted in basilar meningitis, due to staphylococci infection, from which the insured died on July 18, 1915.

"(8) That the physicians in attendance upon said insured would testify that, in their opinion, the death of said insured was caused by basilar meningitis resulting from the infection to his lip, caused by the pricking of the pimple on said lip, by the insured, with said scarf pin, and that, for the purpose of avoiding the expense and delay of taking depositions, it shall be taken as true that the scarf pin used by insured in pricking his lip communicated or caused the infection by being introduced into the tissues of the lip, and that the infection, so caused, proximately resulted in basilar meningitis, which was the eventual cause of death."

It is claimed that the trial court erred: (1) In concluding as matter of law that the death of the deceased was due to a bodily injury effected by external, violent, and accidental means. (2) In concluding as matter of law that the liability of the defendant was not limited to the sum of $500.

[1] The trial court interpreted the stipulation of facts above quoted as meaning that the scarf pin itself carried the infection, and as there was no evidence that the deceased knew this fact, nor could not be presumed to know it, the use of the pin thus infected was an accidental means causing death, within the meaning of section 10, article 6, above quoted.

Counsel for defendant admits that the stipulation of facts declares that the pin did carry the bacteria into the tissues of the lip of deceased,

but insists that as to whether these bacteria originated on the skin of the lip or in the pus, or were present on the pin when selected, is a fact as to which the record is silent. We are satisfied that the interpretation placed upon the stipulation of facts by the trial court is a reasonable one, and that which the parties intended. If the pin communicated the infection, as the stipulation says, the reasonable conclusion is that the pin itself must have been infected.

[2] Counsel for defendant further contends that, if the deceased selected the scarf pin in ignorance of its infected condition to use in making a voluntary puncture of the skin, this fact would not make the means of death accidental. To sustain this proposition, a distinction is sought to be drawn between the intentional selection of an instrument in ignorance of some peculiar property which it possessed, and the inadvertent selection of an instrument known to be inappropriate. The last-named situation it is admitted might be an accidental means; but in inadvertently selecting an instrument known to be inappropriate there is no intention of selecting that instrument; neither was there in the case at bar, any intention to select an infected instrument. Such refinement may be indulged in as a matter of intellectual pleasure, but in the practical adjustment of the rights of parties to an insurance contract it ought not to be given much weight. There is no evidence or finding that deceased knew as a fact that the scarf pin was infected, and we are not prepared to decide that the knowledge as to bacterial infection has been so widely diffused that the deceased was bound to know that fact. The stipulation of facts is silent upon the question; but as the trial court found in favor of the plaintiff it must have found that the deceased did not know, nor could he be presumed to know, of the presence of bacteria upon the pin.

We are therefore of the opinion that the death of deceased was due to a bodily injury effected by external, violent, and accidental means. Without citing all the authorities bearing upon the question, we cite those which clearly in our opinion sustain the position here taken. Western Commercial Travelers' Ass'n v. Smith, 85 Fed. 401, 29 C. C. A. 223, 40 L. R. A. 653 (Eighth Circuit); Lewis' Executrix v. Ocean Accident & Guarantee Corp., Ltd., 224 N. Y. 18, 120 N. E. 56; Miller v. Fidelity & Casualty Co. (C. C.) 97 Fed. 836; Healey v. Northwestern Mutual Accident Ass'n, 133 Ill. 556, 25 N. E. 52, 9 L. R. A. 371, 23 Am. St. Rep. 637; United States Mutual Accident Ass'n v. Barry, 131 U. S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60; Sinclair v. Maritime Passenger Assurance Co., 3 El. & El. 478; Brintons, Ltd., v. Turvey, A. C. 230, 2 Ann. Cas. 137; H. P. Hood & Sons v. Maryland Casualty Co., 206 Mass. 226, 92 N. E. 329, 30 L. R. A. (N. S.) 1192, 138 Am. St. Rep. 379; Railway Mail Ass'n v. Dent, 213 Fed. 981, 130 C. C. A. 387, L. R. A. 1915A, 314 (Eighth Circuit); Ætna Life Insurance Co. v. Portland Gas & Coke Co., 229 Fed. 552, 144 C. C. A. 12, L. R. A. 1916D, 1027.

The case of Lewis' Executrix v. Ocean Accidental & Guarantee Corp., Ltd., supra, is the identical case now at bar, so far as the facts are concerned. Cardozo, J., delivering the opinion of the Court of Appeals, said:

"The same thing must be true of infection caused by the puncture of a pimple. Unexpected consequences have resulted from an act which seemed trivial and innocent in the doing. Of itself, the scratch or the puncture was harmless. Unexpectedly it drove destructive germs beneath the skin, and thereby became lethal. * * * 'Probably it is true to say that in the strictest sense and dealing with the region of physical nature, there is no such thing as an accident.' Halsbury, L. O., in Brintons v. Turvey, L. R. 1905, A. C. 230, 233. But our point of view, in fixing the meaning of this contract, must not be that of the scientist. It must be that of the average man. Brintons v. Turvey, supra; Ismay v. Williamson, L. R. 1908, A. C. 437, 440. Such a man would say that the dire result, so tragically out of proportion to its trivial cause, was something unforeseen, unexpected, extraordinary, an unlooked-for mishap, and so an accident. This test—the one that is applied in the common speech of men—is also the test to be applied by courts."

The opinion of the trial court was cited and approved in the case last referred to. Numerous other cases could be cited, but we do not deem it necessary.

[3-5] The defendant pleaded as a defense section 2 of article 4, and section 3 of article 6, of its by-laws, which read as follows:

"Section 2. This association shall not be liable to any member of the accident department, nor to any person claiming by, through or under any certificate issued to a member, for the payment of any benefits or indemnity on account of disability or death * * * resulting from infection except as provided in section 3, of article 6, of these by-laws."

"Section 3. Whenever, as the direct result of an injury occurring solely by external, violent, and accidental means, the skin or the outer covering of the eye shall be abraded, cut or punctured, and there shall be introduced into the system through said abrasion, cut or puncture, and by the very instrument or means causing said abrasion, cut or puncture, any specific bacteria, which shall, within a period of ten days after said injury produce septicæmia, pyæmia or tetanus, or any other kind of blood poisoning or infection, the liability of the association for the payment of benefits or indemnity on account of disability, loss or death resulting therefrom shall in no case exceed the amount of five hundred dollars."

We are of the opinion that under the stipulation of facts these excerpts from the by-laws limit the recovery in this action to the sum of $500. Section 3 in our opinion covers just such a case as the one at bar. Our duty is not to make contracts, but to enforce them as made. The rule that, where an insurance contract is doubtful as to its meaning in some particular, the doubt should be resolved against the insurer, cannot be used to strike down a clause of a contract when the meaning thereof is reasonably clear. We are of the opinion that the plaintiff in this case must either recover $500 or nothing. We sustain the claim of the plaintiff that the means of death was accidental, upon the ground that the bacteria which caused the infection was upon the scarf pin, and we agree with the trial court that the result would be different if the bacteria were not on the scarf pin, but entered the wound made by it from some other source, because the deceased intentionally used the scarf pin, and the means of death would not have been accidental, except for the want of knowledge of the deceased that the pin was infected.

Several reasons are urged for the purpose of showing that the defendant can claim no benefit from section 3 above quoted:

1. It is claimed that section 2 of article 4, and section 3 of article 6, of the by-laws, when construed together, as they ought to be, simply

refer to death from infection, and that the death of deceased in the case at bar was not from infection, but from accidental means, namely, the use of an infected pin. It is true in a general sense, as we decide in this case, that the means of death were accidental; but it does not necessarily follow that death did not result from infection. On the contrary, it is stipulated that infection did cause the death of the deceased. Moreover, to sustain the contention now under consideration would render section 3 of no force or application, because no liability is incurred by defendant unless the injury or death is caused by accidental means. Therefore, the means being always accidental, there could be no injury or death from infection. In other words, by the express terms of section 3 it is to apply to injuries by accidental means, so that it would be unreasonable to construe it so as not to refer to injuries or death by accidental means, where infection causes the injury or death.

2. It is claimed that the words, "the skin or the outer covering of the eye," found in section 3, must refer to the eye alone, and not to the skin of the body. We see no reason for indulging in such a construction. The definite article "the," before the word "outer," shows that the language without doubt refers to the skin of the body and the outer covering of the eye.

It is said that the Supreme Court of Iowa in Ballagh v. Interstate Business Men's Accident Ass'n, 176 Iowa, 110, 155 N. W. 241, 157 N. W. 726, L. R. A. 1917A, 1050, decided that section 3, above mentioned, did not apply to a case of this kind. We do not understand that section 3 was pleaded as a defense in the case last cited, and therefore cannot see just how it became material to construe it. We are of the opinion that section 3 limits the liability of defendant, whether the death of deceased be ascribed to the original injury under the doctrine of proximate cause, or whether the infection be deemed a part of the injury, because said section describes exactly the case before us. It is claimed that the plaintiff was entitled to judgment on the pleadings. We do not think that this is so. We also think that, the plea of waiver or estoppel not having been made below, and the cause having been submitted under the stipulation expressly submitting the effects of section 3 upon the amount of recovery, in the event it should be held that the injury was sustained by accidental means, it is not open to the defendant in error to have the question presented in this court.

Upon the whole record, we are of the opinion that the judgment of the court below should be reversed, with instructions to enter judgment for the plaintiff in the sum of $500 and interest. No costs to be taxed in this court as against either party.