### IOWA STATE TRAVELING MEN'S ASS'N v. LEWIS.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1919.)

No. 5234.

1. INSURANCE ⬦455—ACCIDENT INSURANCE—POLICY—CONSTRUCTION—"EXTERNAL, VIOLENT, AND ACCIDENTAL MEANS."

Death of insured from opening a pimple with an infected pin *held* the result of receiving a bodily injury through external, violent, and accidental means within the terms of an accident policy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, External, Violent, and Accidental Means.]

2. INSURANCE ⬦456—ACCIDENT INSURANCE—POLICY—CONSTRUCTION—"OPEN WOUND."

Where insured died as the result of opening a pimple with an infected pin, *held*, that the wound was an open one, etc., within the provisions of the policy exempting the insurer from liability for local or general infection, except when such infection results from a visible or open wound caused by external, violent, and accidental means.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Maude Lewis, as executrix of the last will and testament of John F. Bailey, deceased, against the Iowa State Traveling Men's Association. There was a judgment for plaintiff (248 Fed. 602), and defendant brings error. Affirmed.

John B. Sullivan, of Des Moines, Iowa (Sullivan & Sullivan, of Des Moines, Iowa, on the brief), for plaintiff in error.

Eugene D. Perry, of Des Moines, Iowa (Harley H. Stipp, Robert J. Bannister, and Vincent Starzinger, all of Des Moines, Iowa, and H. B. Bradbury, of New York City, on the brief), for defendant in error.

Before CARLAND and STONE, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. This is an action to recover a death indemnity alleged to be due and payable by the plaintiff in error, hereafter defendant, to the estate of John F. Bailey, deceased. The case was heard by the trial court sitting without a jury upon the pleadings and a stipulation of facts. Judgment was rendered in favor of the defendant in error, hereafter plaintiff.

[1] Section 2, of article 6, of the contract sued on reads as follows:

"Whenever a member in good standing shall through external, violent, and accidental means receive bodily injuries which shall, independently of all other causes, result in death within ninety days from said injuries, the beneficiary named in his application for membership, or his heirs, if no beneficiary is named therein, shall be paid the proceeds of one assessment of two dollars upon each member in good standing, but in no case shall such payment exceed the sum of five thousand dollars, which shall be in full satisfaction of all liabilities to the said deceased member, his beneficiaries, heirs or legal representatives."

The facts in this case are the same as those in Interstate Business Men's Accident Association v. Maude Lewis, Executrix, 257 Fed. 241, this day decided. For the reasons given in the case mentioned we decide that the deceased came to his death as the result of receiving a bodily injury through external, violent, and accidental means within 90 days from the said injury. The defendant further pleaded the following section applicable to the contract sued on (article 6, § 6):

"The association shall not be liable to any member or beneficiary for any indemnity or benefit for accidental death * * * resulting wholly or partially, directly or indirectly, from any of the following causes, conditions or acts, or when the member is under the influence of or affected by any such cause, condition, or act, to wit: Disease, bodily infirmity, * * * local or general infection or joint inflammation (except when such infection or inflammation results from a visible or open wound caused by external, violent and accidental means), * * * intentional injuries inflicted by the insured. * * * Each of the foregoing causes, conditions or acts are expressly exempted from all the provisions of these by-laws granting to members or beneficiaries thereof benefits or indemnity."

[2] We are of the opinion that the scarf pin used by deceased made an open wound—that is, a wound unhealed and open to infection—caused by external, violent, and accidental means. The exception contained in the above section 6 contains no limitation as to how the in-

flammation or infection gets into the wound, whether by the deceased's own act or otherwise.

This case is within the exception of section 6, and the judgment below is affirmed.