## SMITH v. FEDERAL LIFE INS. CO.

(District Court, N. D. Texas, Dallas Division. June 4, 1925.)

No. 3516.

Insurance ⊜⟫466—Death from accident co-operating with disease held not within terms of policy insuring against accidental death.

Where insured, at the time he receives an injury, is suffering from a disease or defect which, acting with the injury as a contributing factor, causes death, or when such disease or defect aggravates the effect of the injury, or the injury aggravates the effect of the disease, and both acting together cause death, the injury is not the sole cause of the death, and the death is not within the terms of a policy insuring against death "effected directly and independently of all other causes, through external, violent, and accidental means."

At law. Action by Ada V. Smith against the Federal Life Insurance Company. Verdict directed for defendant.

Coke & Coke, of Dallas, Tex., for plaintiff.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, Tex., for defendant.

ATWELL, District Judge. The plaintiff is the surviving wife of John G. Smith, deceased, to whom the defendant issued a disability policy of insurance against death, "effected directly and independently of all other causes, through external, violent, and accidental means." At the conclusion of the testimony both plaintiff and defendant move for an instructed verdict. In the opinion of the court a verdict for the plaintiff would have to be set aside. There is no substantial evidence on which the jury might properly render such a verdict.

Smith was 49 years of age. On the afternoon of March 27, 1923, he was in an automobile with his neighbor, Compton. The car began to slip and slide in the mud. Smith alighted and passed around to the back of the car, for the purpose of pushing and steadying it, that the wheels might take hold of the street. After assisting in running backward and forward for a few moments, the wheels did again take hold and the car moved on, and Smith went to his own home. He arrived about 6 o'clock in the afternoon, ate dinner as usual, retired about 8:30 o'clock, and after retiring complained of a pain in his left side, as though "a splinter was sticking there." The plaintiff passed her hand over his left side and found nothing, and Smith soon went to sleep. About 10:30 or 11 o'clock plaintiff heard a noise, and raised Smith up in bed, and he died almost immediately.

No autopsy was held. A few weeks prior to this happening the deceased had been ill with influenza for probably a fortnight. The proof of death stated the cause as "acute myocarditis, caused by strain in lifting; contributory (secondary) influenza several weeks ago." All witnesses, for the plaintiff and defendant, were physicians of learning and ability. Each, upon an hypo-

thetical question, answered, in substance, that probably the influenza had weakened the heart, and that the pushing of the automobile was a strain too great for the weakened organ to undergo and death had resulted.

The plaintiff supports her motion for a directed verdict by that line of cases which afford recovery when one suffers an injury as the result of the doing of an act which could not be reasonably expected to result in injury. Heading this list is the case of Mutual Accident Association v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60. Other cases are Bryant v. Continental Casualty Co., 107 Tex. 582, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517; Lickleider v. Iowa Association, 184 Iowa, 423, 166 N. W. 363, 168 N. W. 884, 3 A. L. R. 1295; Moon v. U. C. T. 96 Neb. 65, 146 N. W. 1037, 52 L. R. A. (N. S.) 1203, Ann. Cas. 1916B, 222; Horsfall v. Pacific Mutual, 32 Wash. 132, 72 P. 1028; Hooper v. Standard Co., 166 Mo. App. 209, 148 S. W. 116; Biele v. T. P. A., 155 Mo. App. 629, 135 S. W. 497; Western Commercial Association v. Smith, 85 F. 401, 29 C. C. A. 223, 40 L. R. A. 653; Ætna Life Insurance Co. v. Brand (C. C. A.) 265 F. 6, 13 A. L. R. 657; Interstate Business Men's Association v. Lewis, 257 F. 241, 168 C. C. A. 325; State Life Insurance Co. v. Allison (C. C. A.) 269 F. 93, 14 A. L. R. 412; Employers' Indemnity Co. v. Grant. (C. C. A.) 271 F. 136, 20 A. L. R. 1118; Francis v. International Travelers' Association (Tex. Civ. App.) 260 S. W. 943; Manufacturers' Accident Indemnity Co. v. Dorgan, 58 F. 945, 7 C. C. A. 581, 22 L. R. A. 620.

While the Barry Case has a differentiating element, and may be an authority for the position of either the plaintiff or defendant, the other cases cited above seem to support the plaintiff's position, both with reference to what is "accidental" and to the weight and effect of the contributing cause.

The defendant bases its motion upon two propositions: First, that the evidence shows that the insured came to his death, not from "accidental" means, but from his voluntary act; second, that his death was not "effected directly and independently of all other causes, through external, violent, and accidental means."

It must be acknowledged that there is some confusion—confusion that ought not to be—in the decisions. The following decisions seem to support the defendant's first position: Whitehead v. Railway Mail Association, 269 F. 25, (C. C. A. 5th); Maryland Casualty Co. v. Spitz, 246 F. 817, 159 C. C. A. 119, L. R. A. 1918B, 1191 (C. C. A.

3d); Hastings v. Travelers' Insurance Co. (C. C.) 190 F. 258; Shanberg v. Fidelity & Casualty Co., 158 F. 1, 85 C. C. A. 343, 19 L. R. A. (N. S.) 1206 (8th Circuit); Fidelity & Casualty Co. v. Stacey, 143 F. 271, 74 C. C. A. 409, 5 L. R. A. (N. S.) 657, 6 Ann. Cas. 955; (4th Circuit); Kerns v. Ætna Life Insurance Co. (C. C. A.) 291 F. 289; Feder v. Iowa State Traveling Men's Association, 107 Iowa, 538, 78 N. W. 252, 43 L. R. A. 693, 70 Am. St. Rep. 212; Smouse v. Iowa State Traveling Men's Association, 118 Iowa, 436, 92 N. W. 53; Ogilvie v. Ætna Life Insurance Co., 189 Cal. 406, 209 P. 26, 26 A. L. R. 120; Preferred Accident Insurance Co. v. Patterson, 213 F. 595, 130 C. C. A. 175 (3d Circuit).

The above cases warrant the statement that where death is caused by some act of the deceased, not designed by him, or not intentionally done by him, it is death by "accidental" means; in other words, "accidental" death is an unintended and undesigned result, arising from acts done; death by "accidental means" is where the result arises from acts unintentionally done.

Where the insured, at the time he receives the injury, is suffering from a disease, or defect, which, acting with the injury, as a contributing factor, brings about the death, or when such existing disease, or defect, aggravates the effect of the injury, or the injury aggravates the effect of the disease, and both, acting together, cause death, the injury is not the sole cause of the death. Maryland Casualty Co. v. Morrow, 213 F. 599, 130 C. C. A. 179, 52 L. R. A. (N. S.) 1213; Ætna Life Insurance Co. v. Ryan, 255 F. 486, 166 C. C. A. 559; Hubbard v Mutual Acc. Ass'n (C. C.) 98 F. 930; New Amsterdam Casualty Co. v. Shields, 85 C. C. A. 122, 155 F. 54; Illinois Commercial Men's Association v. Parks, 103 C. C. A. 286, 179 F. 794; Binder v. National Masonic Accident Association, 127 Iowa, 25, 102 N. W. 190; Stanton v. Travelers' Insurance Co., 83 Conn. 708, 78 A. 317, 34 L. R. A. (N. S.) 445; Kerns v. Ætna Life Insurance Co. (C. C. A.) 291 F. 289; Maryland Casualty Co. v. Glass, 29 Tex. Civ. App. 159, 67 S. W. 1063; Travelers' Insurance Co. v. McConkey, 127 U. S. 661, 8 S. Ct. 1360, 32 L. Ed. 308; Travelers' Insurance Co. v. Harris (Tex. Com. App.) 212 S. W. 933.

Acknowledging the doubt that must necessarily be born when there is a conflict between the expressed thought of legal thinkers, as to the first issue, there can be no doubt about the correctness of the defendant's second proposition.

The defendant wrote a guarantee against a certain sort of accident. The sort that "directly" and "independent," of other causes, "through external, violent, and, accidental" means produced the injury. The pushing of the automobile did not produce death. The heart trouble was not "external" nor "violent," nor was it an accidental malady. It was the residuum of a very troublesome and serious illness. The two contributed to, and, caused death, probably. I believe the law and the facts are with the defendant, and, the jury will bring in a verdict for it.