## CONSTITUTION INDEMNITY CO. v. LANE.

No. 6296.

Circuit Court of Appeals, Sixth Circuit.

Nov. 10, 1933.

434

J. H. Hodges, of Knoxville, Tenn., for appellant.

John Jennings, Jr., and T. A. Wright, Jr., both of Knoxville, Tenn., for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

On October 28, 1930, appellee was struck and injured by a motor truck driven by Gilbert Milton. He brought suit against Smith H. Lewis (doing business as Lewis Motor Company) in the Circuit Court of Knox county, Tenn., to recover for his injuries, alleging that Milton, the driver, was the agent and employee of Lewis and at the time of the accident was operating the truck on an errand for him. Appellee had verdict and judgment against Lewis upon which execution issued on December 10, 1931. This execution and another, issued on December 28, 1931, were both returned "nulla bona."

Prior to the accident appellant had executed and delivered to Lewis an insurance policy styled "Garage Liability Policy." This policy, in force at the time of the accident, has two coverage clauses. The pertinent provision of the first one is as follows: "Constitution Indemnity Company of Philadelphia * * * does insure the Assured named herein * * * against loss arising

from the perils specifically insured against as are hereinafter set forth in respect of the operation of the Assured's business as described herein. * * *" Then follows a "Schedule of Declarations," seven in number. The first, second, and third are material, and are:

"Declaration 1. Name of Assured. Smith H. Lewis, and/or Lewis Motor Co., Inc.

"Declaration 2. Address of Assured. No. 1909-21 Magnolia Ave.; City or Town: Knoxville; County: Knox; State: Tenn.

"Declaration 3. The Assured's occupation, profession or business is: auto repair garage, and the Assured is Individual and corporation."

The relevant portion of the second coverage clause found under the heading "Insuring Agreements—Liability" is as follows:

"A. Subject to the foregoing Declarations the Company does hereby agree to Insure the Assured against loss from the liability imposed by law upon the Assured on account of bodily injuries whether resulting fatally or not, suffered or alleged to have been suffered, within the Policy Period by any person or persons (other than an employe of the insured while engaged in the usual course of the trade, business, profession or occupation of the Assured) by reason of: * * * The ownership, maintenance and/or operation of any style, type or make of automobile, tractor, or trailer for any and all business purposes and for pleasure use including such transportation or delivery of goods or merchandise for prospective purchasers as is strictly incidental to the demonstration and sale of automobiles providing the accident or accidents causing such injuries occur during the policy period."

By virtue of a provision, concerning which there is no controversy, appellee brought suit against appellant in the Chancery Court of Knox county, Tenn., to recover the amount of the judgment and costs rendered against Lewis in the Circuit Court. The cause was removed to the District Court, where appellee was successful, and appellant brought the case here for review.

█ Appellant urges that it is not liable upon the judgment because the motor truck was not being operated at the time of the accident upon any business of Lewis but was being driven by Milton upon a wholly independent errand of the Lewis Motor Company, a corporation. This claim is founded upon the testimony of A. R. Baker, to the effect that Lewis had told him that the business was con-

ducted through a corporation, of which Lewis was president, and A. Y. Burrows, a straw vice president. In further support of this defense appellant introduced a copy of the motion for a new trial made in the Circuit Court by counsel for Lewis, which alleged that the truck was the property of Lewis Motor Company, a corporation, and was not, at the time of its collision with appellee, on any business, or in the control, of Lewis.

The District Judge decided against this contention of appellant upon what we think is the preponderance of the relevant evidence and in accordance with settled principles we accept his finding. See Alliance Ins. Co. v. Alper-Savage Co., 19 F.(2d) 828, 830 (C. C. A. 6); Carey v. Donohue, 209 F. 328, 333 (C. C. A. 6).

█ The introduction in the District Court of the motion for a new trial made in the Circuit Court was relevant only to the weight to be given to the testimony of Lewis, a witness for appellee. The testimony of Baker was competent for the same purpose only. Lewis himself testified that his business was never incorporated; that at one time he procured a charter for the Lewis Motor Company but being unable to organize under it he returned it. He denied the statement attributed to him by Baker. The decided weight of the evidence, evidently believed by the District Judge, is that, while Lewis was at the time of the injury to appellee operating an "auto repair garage" at 1909–21 Magnolia Ave., Knoxville, as specified in declarations 2 and 3, he was, because his repair business was dull, also operating upon the first floor of the building an inside golf course; that the entire business, both repair shop and golf course, was his; that the truck in question belonged to him and that Milton, its driver, was in his employ. Lewis and Milton both testified, and the court found, that when the accident occurred Milton was driving to a store to purchase food, a portion of which was to be used at the home of Lewis, and the remainder to be made into sandwiches and sold to the patrons of the golf course. But the court was of the opinion that whether the food was to be used at one place or the other was not material because Clause A of the "Insuring Agreements—Liability" provided indemnity against loss by reason of the ownership and operation of the motor truck *"for any and all business purposes."* (Italics ours.) We concur. The relevant portions of Clause A are easily understood, and cover losses caused by the motor truck while being used for any and all business purposes, and the purchase of food was of course a business purpose.

█ Appellant urges that the phrase "for any and all business purposes" should be limited to a purpose directly connected with the operation of the assured's business as it is described in declaration 3 of the schedule, to wit, the "auto repair garage," because the first insuring clause heretofore quoted provides indemnity only against loss arising from the operation of such specific business. We find no substantial basis for this contention. It overlooks the meanings of the words "any and all" in the phrase "any and all business purposes." Further, if we follow such construction to its logical conclusion, we should be compelled to say in a proper case that before liability could accrue from the operation of a motor car under the clause "for pleasure use" such "pleasure use" must grow out of the business of the auto repair garage. This is nothing short of absurdity. It would also nullify the indemnity provision of Clause A for loss arising from injuries incident to the demonstration and sale of motor cars for such activities have no natural or logical connection with a repair shop.

█ Finally, insurance policies of the character here involved are to be construed as other insurance policies generally. And, if after consideration of the two clauses in question, we were left with a feeling of uncertainty as to whether the meaning we have attributed to the policy was a correct one, it is, nevertheless, a permissible meaning, which we should adopt, upon the principle that in case of doubt the policy should be construed strictly against the party by whom it was written. Mutual Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 174, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Philadelphia Cas. Co. v. Fechheimer, 220 F. 401, 417, Ann. Cas. 1917D, 64 (C. C. A. 6); National Surety Co. v. Veneer Co., 66 F.(2d) 88, 91 (C. C. A. 6).

The decree is affirmed.