## LUCAS v. GREAT ATLANTIC & PACIFIC TEA CO.

No. 6717.

Circuit Court of Appeals, Sixth Circuit.

May 10, 1935.

Osborne & Cravener, of Youngstown, Ohio, for appellant.

W. P. Barnum, of Youngstown, Ohio (Barnum, Hammond, Stephens & Hoyt, of Youngstown, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Suit for damages for personal injuries. The question is whether the court erred in directing a verdict for appellee at the close of appellant's evidence.

Some time between 8 and 9 p. m. on January 10, 1931, appellant, accompanied by his wife and sister-in-law, entered appellee's store by the front door. To the right of this door and near the rear of the store was the grocery counter. Also near the rear, but in the center and with an aisle between it and the grocery counter, was the vegetable counter, which was slightly raised in the middle and divided into compartments. Vegetables, fruits, and other produce were displayed on top of the counter; the sides below the counter level being covered with tin and containing no bins or compartments.

Appellant and his wife stopped first at the grocery counter. Their purchases there were placed in two large paper bags which appellant carried, one in each arm. Crossing the aisle to the vegetable counter, appellant waited, still with the bags in his arms, for about five minutes while his wife made some purchases at that counter.

They then started toward the front door, with appellant preceding his wife. After about one step, appellant slipped and fell heavily, thereby sustaining the injuries for which he sued. The evidence disclosed that

appellant slipped on a moist patch which extended a distance of about 18 inches out into the aisle from the vegetable counter and varied in width from 4 to 8 inches. Appellant testified that it was a "jelly color." His wife testified that it was a white, thick, sticky substance. She said that she put her finger in it and it felt sticky and that it had a sweet smell like grapes; that there was a pile of grapes on the vegetable counter, which, with reference to the line of sticky substance on the floor, was located "nearly directly from it."

On cross-examination she stated that the substance on which her husband slipped had a white, creamy color and was about an inch in depth. Further describing it, she said: "The color of it was like sugary water. It was not a real cream color; a whitish color, whitish stuff, like, like it was clear, thick."

Carl Moench, who was in charge of the department of produce and fruit, testified that he did not distinctly remember what was on the table, but that "it would have a variety of grapes, such as California grapes, on that day." He further testified: "The store room was heated throughout the day and from my many years of handling produce of this kind I know that grapes that might be on the display table throughout the day in a heated room, that there would be a leakage of the juice down through the counter, and that the juice of such grapes would run down from the counter on to the floor. That has happened very often. There were always grapes that would leak, any fruit will do that."

He further stated that in the deterioration of fruits, particularly California grapes, and in their becoming soft and broken, it did not necessarily mean that the fruit was rotten.

Appellant testified that he and his wife had been in the habit of trading at this store, and that on the night of the accident he had not been alongside the vegetable counter prior to stepping over to it with his wife when she made her purchases from it and that he did not see the spot on the floor before he fell.

On the issue of negligence, the storekeeper is charged with knowledge of that which, in the exercise of reasonable care, he might have ascertained. Great Atlantic & Pac. Tea Co. v. McLravy, 71 F.(2d) 396, 398 (C. C. A. 6).

Reviewing the above evidence in the light most favorable to appellant, as we must in considering the correctness of the directed verdict, we think a jury might reasonably have found: That the sticky substance in which appellant slipped was at a place used by customers and of such a consistency as to be treacherous and dangerous if stepped in; that it was formed of juice which, in the heat of the store, had exuded from the grapes, run down from the counter, and spread on the floor; and that, because of its sticky and viscous nature, it was so slow in spreading and accumulating that appellee's agents, by the exercise of ordinary care, could have discovered and removed it before appellant slipped in it.

Judgment reversed.