### PARK et ux. v. AMERICAN FIDELITY & CASUALTY CO., Inc.

### No. 8250.

Circuit Court of Appeals, Fifth Circuit.

Nov. 23, 1937.

Samuel H. Peak, of Houston, Tex., for appellants.

Frank G. Dyer, of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment entered on a directed verdict against appellee as the insurer of the B. C. and G. C. Emerson Truck Line, a partnership, against whom appellants had recovered a judgment for the wrongful death of their son.

In their action against the assured truck line, appellants recovered judgment upon special findings of a jury that their son was killed in an accident caused by the negligent operation of one of the trucks of said line, while the same was being operated by a person who was under the direction and control of the assured. Appellee defended that suit according to the provisions of the policy. On the trial of this cause, appellee offered as its sole defense that the driver of the truck was a "person other than the assured or his paid employee," and that for this reason the loss was not within the terms of the policy, which provided that it did "not cover any loss arising or resulting from an accident occurring while any of said automobiles were * * * being driven or operated by any person other than the assured or his paid employee."

Appellant relies upon an indorsement affixed to the policy to bring it within the requirements of the Motor Carriers Act (article 911b, section 13, Vernon's Ann.Civ. St.Tex.), giving a right of action on the policy to any person who has recovered a judgment against the assured, and further providing that: "No defense which is available to the insurer as against the assured under the provisions of this policy, as originally written, shall be available to the insurer as against a judgment creditor of the said assured after judgment shall have been rendered to such assured for any claims of personal injury or property loss growing out of the actual operation of the motor vehicles or trucks and/or trailers covered hereby."

It is not disputed that the defense asserted by appellee would be available in an action by the assured. It is equally clear that the loss, occasioned by the death of appellants' son, and the subsequent judgment against assured, is within the coverage of the policy, subject to the paid employee clause above mentioned. The sole question here is whether or not the no defense clause, quoted above, applies in case of an action for wrongful death, in view of the fact that it only mentions personal injury and property loss.

Viewing the contract as a whole, we find that the assured purchased protection described therein under three heads: (1) To persons; (2) damage to property; (3) defense and payment of costs and expenses. Under the first of these, the protection afforded is described as being against loss from the liability imposed by law upon the assured on account of:

"Injury to Persons"

"(1) Bodily injury or death suffered by any person or persons, other than the assured or his employees excluded herein, as the result of an accident occurring while this policy is in force. * * *"

We think the expression used in the no defense clause, contained in the indorsement, was intended to cover the protection given by the policy upon which a right of action against appellee would accrue on the rendition of a judgment against the assured. No special significance attaches to the fact that the exact language of the policy was not used in the indorsement. In one phrase of six words, the indorsement referred to what was described in the policy in two paragraphs with separate headings. The draftsman of the indorsement was primarily concerned with so modifying the contract as to bring it within the requirements of the Motor Carriers Act and the Railroad Commission, and in describing the risk there was no need for the precision of expression that existed in the original document where the protection was

granted. The language used was not exclusive or restrictive, and does not evidence any intention to carve out of the protection granted in the policy a class of cases where rights of action might exist against the assured, but would be excluded from the protection given in the no defense clause.

Appellee insists that, since the indorsement was made to enable the assured to comply with the Motor Carriers Act, we are bound by the case of Bilbo v. Lewis (Tex.Civ.App.) 45 S.W.(2d) 653 (writ of error denied by the Supreme Court of Texas), in which it is held that wrongful death is not included within the expression "personal injury," and that such recovery against the insurer is not contemplated by the act. While this may be true, it does not follow that an assured procuring insurance under the act may not also obtain protection which the act does not require, and may extend this protection to the public in the same manner as that required by the act. In the Bilbo Case, supra, an effort was made to hold the insurer on an allegation of wrongful death, under a policy indemnifying against personal injury. Here, the policy indemnifies against death and personal injury, and the insurer seeks to avoid liability by interposing a defense which, admittedly, it would not have in an action for personal injury, but which it asserts was excluded from the protection of the no defense clause by the omission of the words "wrongful death," or words of similar import. It is not clear that an exclusion was intended, and we think the natural import of the words used was to cover the insurance protection afforded to assured within the field in which a judgment could be recovered against it. Ætna Insurance Co. v. Houston Oil & Transport Co. (C.C.A.) 49 F.(2d) 121, certiorari denied 284 U.S. 628, 52 S.Ct. 12, 76 L.Ed. 535; Carson v. Home Fire & Marine Ins. Co. (C.C.A.) 39 F.(2d) 50; Shelby County Trust & Banking Co. v. Security Insurance Co. (C.C.A.) 66 F.(2d) 120; Constitution Indemnity Co. v. Lane (C.C.A.) 67 F.(2d) 433; Nieman v. Ætna Life Insurance Co. (C.C.A.) 83 F.(2d) 753.

This view renders the consideration of other questions raised by the assignments of error unnecessary. The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

SIBLEY, Circuit Judge.

I concur in the opinion. I think the reversal is also required by this: The rider expressly extends the coverage to all trucks operated "under the direction and control" of the assured. In the suit against the assured, which was defended by the insurer, the jury in a special verdict expressly found the truck was operated under the direction and control of the assured. On general principles of estoppel by judgment the insurer cannot again contest that issue with the plaintiffs.