BERTHA FEDER *et al.*, Appellants, v. THE IOWA STATE TRAV-
ELING MEN'S ASSOCIATION.

Insurance: "ACCIDENTS" DEFINED. Death of insured will not be
held accidental merely because it results from the rupture of an
artery as he reached to close a window, it not appearing that any-
thing was done or occurred which he had not foreseen and
planned, except the rupture. Though a result may not be designed,
foreseen or expected, yet, if it be the natural and direct effect of
acts voluntarily done or of conditions voluntarily assumed, it is
not accidental.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER,
Judge.

SATURDAY, FEBRUARY 4, 1899.

ACTION at law on a certificate of membership. A jury
was impaneled, evidence was submitted, a verdict was
returned for the defendant by direction of the court, and
judgment was rendered in its favor. The plaintiffs appeal.
—*Affirmed.*

*Berryhill & Henry* and *George E. Hubbell* for appel-
lants.

*Cummins, Hewitt & Wright* for appellee.

ROBINSON, C. J. The certificate in suit was issued to
one Louis L. Feder, and entitled him to all the benefits
accruing from membership in the defendant by virtue of its
constitution and by-laws. When the certificate was issued,
an article of the constitution of the defendant provided that
"whenever the death of a member of this association in good
standing shall occur from any accidental cause (except while
such member shall be under the influence of intoxicating
liquors or narcotics)" and proofs thereof should be made, the

proceeds of an assessment of two dollars on each member of
the association, not exceeding the sum of five thousand dollars,
should be paid to the beneficiary named in the certificate, or
to his heirs or legal representatives; provided, however, that
if, at the time of such death, the amount of money in the
treasury of the association not otherwise appropriated should
exceed the sum of five thousand five hundred dollars, pay-
ment of five thousand dollars was to be made from the money
in the treasury.    On the 18th day of April, 1894, Feder
died.    At that time he was a member of the association in
good standing, and this action is brought on the certificate, to
recover the sum of five thousand dollars.    The validity of
the certificate is admitted, the death of Feder is not disputed,
and notice and proofs of his death are shown.    We are
required to determine whether there was sufficient evidence
tending to show that Feder's death resulted "from an acci-
dental cause" to require the submission of the case to the
jury.

The evidence tended to establish the following:    The
decedent, at the time of his death, was about twenty-six years
of age, and had been in Denver, where his death occurred,
about nine months.    He was suffering from consumption,
and went to Denver, and resided there, on account of his
health.    He was benefited by the change of climate and
medical treatment he received, and his health had been con-
siderably improved, and was constantly improving, at the
time of his death.    During the day of his death he had been
as well as usual, and in the evening was with two of his
brothers in their office.    Preparatory to leaving it, the
decedent went to a window to close the shutters.    A chair
stood in front of the window, and he stood on his toes, and
reached over the chair towards the shutters, and, as he did
so, blood began to flow from his mouth.    He was placed on
a lounge, and died within a few minutes.    The cause of his
death was hemorrhage from a ruptured artery, and the evi-
dence would have authorized the conclusion that the rupture

of the artery was not due to the disease from which he was suffering. There is no evidence that he fell, slipped, lost his balance, failed to catch the shutter when he reached for it, or that it moved at his touch more or less readily than he had expected it would move; in other words, there is no evidence whatever that anything was done or occurred which he had not foreseen and planned, excepting the rupture of the artery, and the consequences which resulted from it.

Did his death result "from an accidental cause"? Various definitions of the word "accident" are quoted by the appellants, and among them are the following: It is an "unexpected event, which happens as by chance, or which does not take place according to the usual course of things." *Insurance Co. v. Burroughs,* 69 Pa. St. 43. "The equitable definition of the term 'accident' includes, not only inevitable casualities, and such as are caused by the act of God, but also those which arise from unforeseen occurrences, misfortunes, losses, and acts or omissions of other persons without fault, negligence, or misconduct on the part of the person injured." *Bostwick v. Stiles,* 35 Conn. 198. "An event which takes place without one's foresight or expectation"; and it may include an injury received in a common-law affray, without the fault of the person injured. *Supreme Council Order of Chosen Friends v. Garrigus,* 104 Ind. 133 (3 N. E. Rep. 818). "An event that takes place without one's foresight or expectation; an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and, therefore, not expected." *Schneider v. Insurance Co.,* 24 Wis. 30. "An accident is the happening of an event without the aid and the design of the person, and which is unforeseen." *Paul v. Insurance Co.,* 112 N. Y. 472 (20 N. E. Rep. 349). "An event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event." Webster's International Dictionary. See, also, *Casualty Co. v. Johnson,* 72 Miss. 333 (17 South Rep. 2); *Carnes v. Association,* 106 Iowa, 281. The ordinary

and popular meaning of the word "accidental" is said to be "happening by chance; unexpectedly taking place; not according to the usual course of things; or not as expected." *Association v. Barry,* 131 U. S. 100 (9 Sup. Ct. Rep. 755.

It is argued that the rupture of a blood vessel is not the usual result of an effort to close shutters; therefore, when it occurs, it is unusual, unexpected, and an accident. While it may be true that an accident is an event which takes place without one's foresight or expectation, and is undesigned, it is not true that every unforeseen, undesigned, and unexpected event is an "accident," within the ordinary and popular meaning of that term. Thus, a person might voluntarily and knowingly expose himself to a contagious disease, or to excessive heat or cold, or to sudden changes of temperature, or might adopt a strange diet or mode of living; but, if death resulted, it would not be due to an accidental cause, although wholly undesigned, unforeseen, and unexpected. So, if a person suffering from some weakness or disease should subject himself to conditions which would not injuriously affect persons in ordinary health, but would be dangerous to him, and injury result, it would not be due to an accidental cause. For example, if a person having a diseased heart should take violent exercise voluntarily, and death should result, the cause would not be accidental. *Southard v. Assurance Co.,* 34 Conn. 574. See, also, *Bacon v. Association,* 123 N. Y. 304 (25 N. E. Rep. 399) ; *Sinclair v. Assurance Co.,* 3 El. & El. 478. Although a result may not be designed, foreseen, or expected, yet, if it be the natural and direct effect of acts voluntarily done, or of conditions voluntarily assumed, it cannot be said to be accidental.

We do not think the cases relied upon by the appellant hold a contrary rule. In *Hamlyn v. Insurance Co.,* 1 Q. B. Div. 750, it appears that a person sustained an injury to his knee in attempting to catch a rolling marble; but it was found that the injury resulted from an unnatural position or movement of the leg, which was not intended by the person

injured.    The injury considered in *Insurance Co. v. Bur-roughs,* 69 Pa. St. 43, was caused by the unintended slipping of a pitchfork in the hands of the person injured, in such a manner that it struck him in the bowels, and caused the injury.    The case of *Burkhard v. Insurance Co.,* 102 Pa. St. 262, involved the act of a person injured in stepping into a hole in a bridge, of which he had no knowledge.    And in the case of *Schneider v. Insurance Co.,* 24 Wis. 28, it appears that the person insured, in attempting to get upon a moving train, fell under the cars and was killed; but it was not claimed that his fall was the result of his doing what he intended to do.

The certificate in suit made the defendant liable if the death of Feder resulted from an accidental cause.    The evidence shows that the cause was the ruptured artery; but that was not accidental, if it was the natural result of an act voluntarily done by Feder.    That he did anything but what he intended to do, in attempting to close the shutters, is not shown nor claimed.    It is not even shown that he made any unusual exertion in what he did.    Had the artery been ruptured while the decedent was sitting quietly in his chair, or while walking at a moderate pace, there would be no ground for claiming that the rupture was accidental; and we do not think that, because the act of closing the shutters may have required a little more exertion than would have been required to remain seated or to walk leisurely, the rupture was accidental.    So far as is shown, it may have been, and probably was, due to a weakened or diseased condition of the artery. But, however that was, we are satisfied that there was no evidence which would have authorized the jury to find that the rupture was accidental, within the meaning of the certificate. We conclude that the district court was right in directing a verdict for the defendant, and the judgment rendered is therefore AFFIRMED.