FLORENCE SMOUSE, Appellee, v. IOWA STATE TRAVELING MEN'S ASSOCIATION, Appellant.

Accidental Injury: INSTRUCTION DEFINING SAME. In an action to recover an accidental benefit, the court instructed the jury "that an accidental cause is such as *may* happen by chance." *Held*, the word "may" serves to weaken the definition of "accident" and suggests by inference that the element of chance and unexpectedness is not always necessary to an accidental result.

Same: INSTRUCTION REGARDING: VERDICT. The court instructed the jury, in effect, that if the accident is the result of voluntary movements or exertions, or of conditions voluntarily assumed, then the result cannot be regarded as accidental. *Held*, without determining the correctness of the instruction, that it is the law of the case for the jury and the verdict must conform to it.

Same: INSTRUCTION: ERRONEOUS USE OF WORDS. In an action to recover for an accidental injury, the word "involuntary" as used in the court's instruction is not the equivalent of "undesigned" or "unintentional."

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

THURSDAY, OCTOBER 30, 1902.

THE plaintiff having recovered judgment in the district court upon a policy or certificate of insurance upon the life of her husband, the defendant appeals.—*Reversed.*

*Cummins, Hewitt & Wright* for appellant.

*C. W. Kepler* and *H. M. Eicher* for appellee.

WEAVER, J.—On May 4, 1892, the defendant, a mutual benefit association, issued to Arnold Smouse a certificate entitling him to all the benefits of membership in such association. Among the benefits thus assured was the right

of his wife, the plaintiff herein, to receive certain indemnity in the event of his death "from an accidental cause." On March 6th the said Smouse, while still a member of the association in good and regular standing, died at Mt. Vernon, Iowa.   Thus far the facts are conceded, and the one question presented by the issue submitted to the jury in the court below was whether the death of Smouse occured "from an accidental cause." The case as made by the plaintiff is substantially as follows: At the time of his death, Mr. Smouse was forty-five years old.  He was ordinarily in good health, weighed about 175 pounds, but had suffered from an attack of pneumonia about two weeks prior to his death.  He was apparently recovering from this malady, and the physician had ceased professional attendance upon him, but his strength was not fully restored.  On the morning of his death he arose and partially dressed, putting on his trousers and slippers, but did not remove his nightshirt.  Later he lay down on a couch, and had fallen asleep, when his wife aroused him suddenly, telling him some of his friends were approaching the house, and told him to hurry and dress.  He arose from the couch in a somewhat dazed or confused condition of mind, and hurriedly attempted to remove his nightshirt over his head.  While his arms were raised above his head, he became in some manner entangled in the garment, and put forth more or less violent exertion in the apparent effort to extricate himself, which was accomplished with his wife's assistance.  In this act, or immediately thereafter, he sustained a rupture of a blood vessel, the hemorrhage from which filled his lungs, and caused his death within a few minutes.  It is the theory of the plaintiff that the rupture of the blood vessel was the unforeseen, unexpected, and unusual result of a legitimate act on part of the insured, and that his death was therefore "from an accidental cause," within the meaning of the contract sued upon. The defendant denies that the death of Mr. Smouse was in

any proper sense accidental. The appeal is based upon the proposition that there is no evidence upon which a verdict of accidental death can be justified. Errors are also alleged upon certain rulings of the court in the admission of testimony and in the instructions to the jury.

I. Among other things, the court instructed the jury as follows:

"(3) You are instructed that an accidental cause is such as may happen by chance; unexpected taking place; not according to the usual course of things, or not as expected.

"(4) You are further instructed that if you find from the evidence that said Arnold Smouse on or about March 6, 1898, while lying and sleeping, became startled by a call announcing the arrival of relatives and thereby became confused and momentarily irresponsible in his movements, and, in his attempts to remove his garments, became entangled in his nightshirt, and, in his efforts to remove the same, involuntarily made such movements and overexertion as to cause a rupture of a blood vessel, thereby causing death, then, in that event, you will be warranted in finding that said Arnold Smouse died from an accidental cause.

1. Accidental injury: instruction: define same.

"(5) But if you find that at the time said Arnold Smouse's acts were voluntary, although the result may not be designed, foreseen, or expected, if it was the direct effect of acts voluntarily done, or of conditions voluntarily assumed, it cannot be said to be accidental, and you should so find."

Complaint is made that the use of the word "may" in the third paragraph of these instructions serves to weaken the definition given of "accident," and suggests by inference that the element of chance and unexpectedness is not always necessary to an accidental result. This criticism we think is just, and the error should be avoided upon a retrial.

II.   In the fourth and fifth paragraphs of the charge
the jury were told, in effect, that if the rupture of the
blood vessel was the result of voluntary movements or
exertions on the part of Mr. Smouse, or of
conditions voluntarily assumed by him, then
the fatal result cannot be regarded as acciden-
tal.   There is a difference of opinion among the members
of this court as to the correctness and sufficiency of the
definition thus given.   But whether it be right or wrong
as an abstract proposition, it was the law of the case for
the jury, and the correctness of the verdict must be tested
by it.   An examination of the testimony reveals nothing
to sustain a finding that the acts or exertions put forth by
the assured in removing his nightshirt, or in disentangling
himself therefrom, were of an involuntary character.   An
involuntary movement is one which is made against the
will as under compulsion, or independent of the will, as in
the process of breathing or in the circulation of the blood,
or as seen in a body in convulsions.   The most shown in
the present case is that Mr. Smouse, on being suddenly
awakened from sleep, appeared dazed and confused; but
he evidently comprehended the call of his wife to dress
quickly, and was endeavoring to do so.   His dazed and
confused condition may account for his becoming entan-
gled in his garment, and may have made him incapable of
exercising ordinary care and prudence in the physical ex-
ertions employed by him in escaping therefrom; but those
exertions appear to have been none the less voluntary, in
the proper sense of the word, and therefore, upon the
theory of the instructions given, the verdict should have
been set aside.   It is to be here remarked that
the word "involuntary" is not the equivalent
of the word "undesigned" or "unintentional,"
and could not well have been so understood by the jury,
although there are cases which seem to authorize such

2.  SAME: in-
    struction:
    verdict.

3.  SAME: erron-
    eous use of
    words.

use of the term,—notably, *McCarthy v. Insurance Co.*, 8 Biss. 362 (Fed. Cas. No. 8,682); *Barry v. Association* (C. C.) 23 Fed. Rep. 712.

III. Much of the argument of counsel is devoted to the weight of the evidence, but, in view of the fact that our conclusions upon the points already mentioned necessitate a reversal and new trial, we think it proper to express no opinion upon this proposition.

The judgment of the district court is REVERSED.