# Erb *v.* Commercial Mutual Accident Company, Appellant.

*Insurance—Accident insurance—Construction—Insured killed in struggle begun by himself.*

In an action on a policy of accident insurance providing an indemnity "against bodily injuries effected directly and independently of all other causes, through external, violent and accidental means" a recovery should be permitted when it appears that the insured was killed by shots from a pistol in the hands of his sister-in-law, with whom he was on hostile terms and who had been forbidden his house, that, during a quarrel with his wife in which he had pointed a revolver at her, the insured had seen his sister-in-law in his residence and advanced towards her pointing the pistol in a threatening manner, that she seized his arm and got possession of the pistol, and when he attempted to regain possession of it, she struck him with it on the head, that she continued to strike at him and the shots were fired as she struck and when the pistol was in motion, that the insured did not point the pistol at his sister-in-law with the intention to injure her but to force her to leave the house, that he had no occasion to anticipate danger when he began the assault, that he continued the struggle after he had lost the pistol to prevent its use against himself, and that he had withdrawn from the conflict when he received the fatal wound.

216    ERB *v.* COMMERCIAL M. ACC. CO., Appellant.

Argued Jan. 23, 1911. Appeal, No. 120, Jan. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1908, No. 3,375, on finding by referee for plaintiff in case of Kate Lilla Erb v. Commercial Mutual Accident Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit by plaintiff as beneficiary on an accident insurance policy. Before Hon. Harman Yerkes, referee by agreement.

·The facts appear in the opinion of the Supreme Court.

The referee found in favor of the plaintiff for $5,000, the face of the policy. The court dismissed exceptions to the referee's report and judgment was entered on the award. Defendant appealed.

*Errors assigned* were in dismissing exceptions to report of referee.

*Chester N. Farr, Jr.,* and *William A. Glasgow, Jr.,* for appellant, cited: Taliaferro v. Protective Assn., 80 Fed. Repr. 368; Accident Ins. Co. of N. A. v. Bennett, 90 Tenn. 256 (16 S. W. Repr. 723).

*George Quintard Hortwitz,* with him *Layton Martin Schoch,* for appellee, cited: Collins v. Fidelity & Casualty Co., 63 Mo. App. 352; Union Casualty & Surety Co. v. Harroll, 98 Tenn. 591 (40 S. W. Repr. 1080); Robinson v. U. S. Acc. Assn., 68 Fed. Repr. 825; Burkhard v. Ins. Co., 102 Pa. 262; Lovelace v. Travelers' Protective Assn., 126 Mo. 104 (28 S. W. Repr. 877); Johnson v. London, etc., Accident Co., 40 L. R. A. 440; Fidelity & Casualty Co. v. Sittig, 181 Ill. 111, (54 N. E. Repr. 903); Biehl v. Assur. Corp., 38 Pa. Superior Ct. 110; Gavula v. Ins. Co., 15 Pa. Dist. Rep. 432; Hutchcraft v. Ins. Co., 87 Ky. 300 (8 S. W. Repr. 570).

PER CURIAM, July 6, 1911:

This action was ·on a policy of accident insurance that provided an indemnity "against bodily injuries effected

directly and independently of all other causes, through external, violent and accidental means." The insured was killed by shots from a pistol in the hand of Mrs. Beisel, his wife's sister. His relations with his wife and with Mrs. Beisel were hostile and the latter had been forbidden his house. Early in the evening he had a quarrel with his wife, in which both resorted to violence. She summoned Mrs. Beisel to the house. Later in the evening when his wife was in the hall of the second story of their dwelling, he came from his bedroom and pointed a revolver at her. She ran into a bathroom and closed the door. He then saw Mrs. Beisel in the hall, and advanced towards her pointing the pistol in a threatening manner. She seized his arm and got possession of the pistol, and when he attempted to regain possession of it, she struck him with it on the head. She continued to strike at him and the shots were fired as she struck and when the pistol was in motion. The findings of fact by the learned referee, whose ability and long professional and judicial experience entitled them to great weight, were that the insured did not point the pistol at Mrs. Beisel with the intention to injure her, but to force her to leave the house; that in the struggle with her for the possession of the pistol, each was trying to prevent the other from using it; that in advancing towards her, when she had the pistol, his purpose was to gain possession of it, not to continue the assault; that when the fatal shot was fired he had retreated from the place where the struggle occurred and was near his bedroom door; that Mrs. Beisel did not intend to kill the insured and was not conscious of pulling the trigger, and did not aim, and that "the shooting was wild and purposeless." The correctness of the referee's findings of fact is not questioned. His conclusion of law approved by the court, that under all the facts the death of the insured was accidental within the meaning of the policy is assigned as error. Under the words of the policy the death of an insured would not be effected by accidental means if it were the natural and probable consequence of his own act, and should have been

foreseen.   It would not be accidental if the result of a duel or of a deadly assault commenced by him where he had reason to expect a deadly defense and generally where by his conduct he had invited violence, the reasonable consequence of which he should have anticipated.   But under the facts of this case, the insured had no occasion to anticipate danger when he began the assault; he continued the struggle after he had lost the pistol to prevent its use against himself and had withdrawn from the conflict when he received the fatal wound.

The judgment is affirmed.