JOHN CLARKSON, Appellee, v. UNION MUTUAL CASUALTY COMPANY, Appellant.

INSURANCE: Accident Insurance—"Accidental Means" Defined. An
1   injury caused by the intentional lifting of a log upon a wagon is one resulting from *"accidental means"* when such resulting injury was unexpected, undesigned, and not the usual or natural result of such an act. (See Book of Anno., Vol. 1, Sec. 8940, Anno. 4 *et seq.*)

PLEADING: Waiver—Belated Objections. The objection that a peti-
2   tion does not state a cause of action may be deemed waived when made for the first time in a motion for a new trial. (See Book of Anno., Vol. 1, Sec. 11111, Anno. 38 *et seq.*)

TRIAL: Instructions—Failure to Request Elaboration. Instructions
3   which are correct as far as they go are ordinarily sufficient, in the absence of a request for further elaboration. (See Book of Anno., Vol. 1, Sec. 11491, Anno. 26 *et seq.*)

TRIAL: Instructions—Failure to Request Simplification of Terms Em-
4   ployed. An instruction which embraces complainant's theory of the case may be all-sufficient, in the absence of a request for a simplification of the language therein employed.

Headnote 1: ● 1 C. J. p. 429. Headnote 2: 31 Cyc. p. 82. Headnote 3: 38 Cyc. p. 1693. Headnote 4: 38 Cyc. p. 1689.

*Appeal from Madison District Court.—W. S. COOPER, Judge.*

FEBRUARY 9, 1926.

REHEARING DENIED JUNE 21, 1926.

ACTION upon an accident policy. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Harold S. Thomas,* for appellant.

*Wilkinson & Wilkinson,* for appellee.

STEVENS, J.—I. This is an action upon an accident policy providing compensation for disability "resulting directly and exclusively of all other causes from bodily injury sustained during the life of this policy, solely through external, violent, and accidental means." Appellee testified that, while in the act of loading a heavy log upon a wagon, and after he had placed it upon his shoulder, he felt something give way, and he fell with the log against the wagon and to the ground. The principal point urged by appellant is that the injury, which is not denied, did not "result solely through external, violent, and accidental means," and that, therefore, appellee is not entitled to recover compensation under the policy. The testimony of appellee was neither disputed nor supplemented by that of other witnesses, except that Dr. Fedders, a chiropractor, testified that appellee had a badly sprained back and a misplacement of the fourth lumbar vertebra. The various terms employed in the clause quoted from the policy have led to much discussion and apparent contrariety of opinion by the courts of this country. The difficulty does not arise so much from mere definitions of what constitutes accidental means as it does from the application of accepted definitions thereof to the facts of each particular case. Counsel cite many cases which, apparently, sustain their respective contentions.

1. INSURANCE: accident insurance: "accidental means" defined.

All of our cases hold that it is not sufficient that there was an accidental and unusual or unanticipated result only, but that the means must have been accidental,—that is, involun-

tary and unintentional.  If the injury suffered by appellee re-
sulted from an act intentionally and purposely done, without
more, then the disability that followed does not come within
the plain terms of the policy.  Many cases are cited by appel-
lant, but we shall refer to but a few of them.

Carnes v. Iowa St. Trav. Men's Assn., 106 Iowa 281, af-
fords little or no assistance in the decision of this case.  There,
the insured died from the effects of morphine voluntarily taken
by him.  It was uncertain, however, whether he took more
than he intended or whether he misjudged the effect of the
quantity taken.  The court held that, if it was the former, his
death was accidental, but, if the latter, it was not.

In Smouse v. Iowa St. Trav. Men's Assn., 118 Iowa 436,
the insured was ordinarily in good health, but, at the time of
the injury resulting in his death, he was convalescing from an
attack of pneumonia.  He arose in the morning, putting on his
trousers and slippers, without removing his nightshirt.  Later,
he lay down on a couch and fell asleep.  He was aroused sud-
denly by his wife, who informed him that some of his friends
were coming, and requested that he hurry and dress.  Arising
from the couch in a somewhat dazed condition, he attempted
to remove his nightshirt over his head.  While his arms were
raised above his head, he became entangled in the garment,
exerted himself with some violence, and, while thus engaged,
sustained a rupture of a blood vessel which filled his lungs
with blood and caused his death within a few minutes.

In Feder v. Iowa St. Trav. Men's Assn., 107 Iowa 538,
the death of the insured resulted from a ruptured artery, the
rupture occurring while he was standing, reaching over a chair
towards the shutters on a window which he attempted to raise.
He was, at the time, suffering from tuberculosis.

Lehman v. Great Western Acc. Assn., 155 Iowa 737, Payne
v. Fraternal Acc. Assn., 119 Iowa 342, and other cases are
cited and relied upon by appellant.  In the case at bar, appellee
had raised the log to his shoulder, preparatory to placing it on
the wagon.  The fall occurred at the time he felt something
give way.  The strain of lifting the log was apparently over, and
all that remained for him to do was to put it on the wagon.
Just what appreciable instant of time elapsed between the sen-

sation described by him and the fall cannot be determined, but the question presented, we think, was for the jury. The court instructed that, if appellee's injuries were the result of the exertion put forth in placing the log upon his shoulder, he could not recover. The clause in the policy has many times been before this court, and it will serve no good purpose to review the many authorities upon which we have relied. The cases cited supra are distinguishable from the case at bar, and this distinction is to be found in the settled rules of this state. We quote from *Lickleider v. Iowa St. Trav. Men's Assn.*, 184 Iowa 423, as follows:

"The rule, clearly deducible from the overwhelming weight of authority, is that, when injury or death follows or results from a voluntary act of the insured, and the act is one which is not manifestly dangerous, but which is ordinarily done or performed without serious consequences to the doer, such result is caused by accidental means. This is nowhere better stated than by Sanborn, J., in *Western Com. Trav. Assn. v. Smith*, 85 Fed. 401, where he says: 'An effect which does not ordinarily follow and cannot be reasonably anticipated from the use of those means, an effect which the actor did not intend to produce and which he cannot be charged with the design of producing, * * * is produced by accidental means.' "

To the same effect, attention may be called to *Budde v. National Trav. Ben. Assn.*, 184 Iowa 1219, and *Rowe v. United Com. Trav. Assn.*, 186 Iowa 454.

It was within the province of the jury in this case to find that, while the act of loading the log was voluntary, the result was unexpected, undesigned, and not the usual or natural result to follow the act performed. The case is close, but we think it was for the jury.

II. At the close of appellee's testimony, an amendment to his petition, elaborating somewhat the allegations of accident, was filed. Appellant moved to strike the amendment because filed too late. This motion was overruled.

**2. PLEADING: waiver: belated objections.** This was largely a matter of discretion on the part of the court below. It is now urged that the petition, as amended, did not allege facts constituting an accident. This was made a ground of the motion for a new

trial. The pleading was assailed in the manner stated only, and we are disposed to hold it sufficient.

III. Complaint is also made of Paragraph 4 of the court's charge, upon the ground that it did not require proof of accidental means. No further instruction was asked by appellant on this point, and, while the instruction given might well have gone somewhat further, we think it did not fail, in the absence of a request for further instructions, to sufficiently state the propositions which appellee was required to prove, to make out a case.

3. TRIAL: instructions: failure to request elaboration.

Some of the objections urged to the instructions are not clearly covered by the exceptions preserved thereto.

Instruction No. 6, exception to which is also taken, is a trifle involved; but it clearly stated to the jury that it was not sufficient to entitle plaintiff to recover if the evidence disclosed nothing more than the fact that plaintiff sprained his back as he lifted the log, or as he placed it on his shoulder, but that there must be shown ''some intervening and supplementing accident'' causing the injury. The complaint of the instruction is that the language is not clear, and must have been confusing to the jury, and that the instruction was not based upon the evidence. It did, however, embrace appellee's theory of the case. No instructions were asked by appellant, and we find no reversible error in the court's charge. In our opinion, the evidence justified the submission of the case to the jury. The judgment is affirmed.—*Affirmed.*

4. TRIAL: instructions: failure to request simplification of terms employed.

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.