## GUSTAFSON v. NEW YORK LIFE INS. CO.
### No. 6340.

District Court, W. D. Pennsylvania.

Feb. 19, 1931.

Mullin & Woods, of Kane, Pa., for plaintiff.

Guy B. Mayo, of Smethport, Pa., and Don M. Larrabee, of Williamsport, Pa., for defendant.

SCHOONMAKER, District Judge.

A jury trial was waived in this case and the parties agreed upon the facts in a written stipulation designated as a "case stated," agreeing that the same should have the same effect as a special finding of facts by verdict of a jury under provisions U. S. Code, title 28, § 773, and section 875 (28 USCA §§ 773, 875).

### Findings of Fact.

We therefore find the facts to be as contained in the case stated.

### Conclusions of Law.

From the facts thus found we conclude as a matter of law that the plaintiff is entitled to judgment against the defendant for the sum of $4,000, with interest from February 10, 1930.

### Discussion.

The only question at issue is whether the plaintiff, the beneficiary in a policy of insurance issued by the defendant upon the life of plaintiff's son, Evan E. Gustafson, in the sum of $2,000, is entitled to recover $4,000 under the double indemnity clause of the policy. The defendant admits its liability under the policy for the face thereof.

The provision of the policy covering this double indemnity feature is as follows: "New York Life Insurance Company agrees to pay to Helma C. Gustafson, mother of the insured, beneficiary, two thousand dollars, upon receipt of due proof of the death of Evan E. Gustafson, the Insured, or double the face of this policy, upon receipt of due proof that the death of the Insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent, and accidental cause, and that such death occurred within sixty days after sustaining such injury."

The insured, at the time of his death, was a professional boxer, and as such had engaged in various boxing matches. At the date of his death, and for a long time prior thereto, he enjoyed exceptional strength and bodily vigor, and was in a trained and fit condition to engage successfully as a boxer in a boxing match.

His death was caused in the following manner, as recited in the sixth paragraph of the case stated: "6. That, on or about January 13, 1930, the said Evan E. Gustafson, while lawfully engaged in a boxing match of scheduled duration of four rounds, in Allegany, in the County of Cattaraugus and State of New York, with an opponent of ordinary skill, health and vigor, received from his said opponent a violent blow on the chin causing his neck to break, which shortly and within a few hours thereafter caused the death of the said Evan E. Gustafson."

Boxing was not a prohibited occupation under the terms of the policy.

236

All the elements that make the double indemnity payable under the policy are admittedly present except one, and that is the "accidental cause." The plaintiff contends, under the facts in the case, that the cause of death was accidental. The defendant contends that it was not accidental. That presents the only issue. We find no case involving death while engaged in boxing. Our conclusion is that death resulting from a blow received while boxing presents a case of an accidental cause within the policy in the case. Boxing is not a prohibited occupation under the terms of the policy.

The prohibited risks are stated in the policy as follows: "This Double Indemnity Benefit will not apply if the Insured's death resulted from self-destruction, whether sane or insane; from any violation of law by the insured; from military or naval service in time of war; from riot, insurrection or war or any act incident thereto; from engaging, as a passenger or otherwise, in submarine or aeronautic operations; from physical or mental infirmities; or directly or indirectly from illness or disease of any kind."

Therefore, we conclude that the insurance company having definitely determined those acts and occupations which are not covered by the policy, accidental death resulting from an injury received in the course of all other activities and occupations must come under the risks assumed by the company. Boxing we would class with football, basket ball, baseball, horseback riding, and the like, all of which are attendant with some risks of internal injury which may result in death. Just because a man engages in any one of these exercises or sports, it cannot be said that any injuries which he received in the course of any of these games or exercises were not accidental. Death in a boxing bout, as well as in a football game, is unusual and unexpected. No man has ordinarily any cause or reasonable ground to anticipate that when he engages in any of these games, death will result. If it does, it may truly be said to be both unexpected and not intended by any party to the game, and therefore accidental.

There are a number of cases which support this conclusion, where the insured was killed in a fight or brawl and had no reason to expect fatal consequences, death therefore being classed as one due to accidental causes. Erb v. Commonwealth Mutual Accident Co., 232 Pa. 215, 81 A. 207; Lovelace v. Travelers' Protective Ass'n of America, 126 Mo. 104, 28 S. W. 877, 30 L. R. A. 209, 47 Am. St. Rep. 638; Eicks v. Fidelity & Casualty Co. of New York, 300 Mo. 279, 253 S. W. 1029; Occidental Life Insurance Co. v. Holcomb (C. C. A.) 10 F.(2d) 125; Carroll v. Fidelity & Casualty Co. of New York (C. C.) 137 F. 1012; Missouri State Life Ins. Co. v. Roper (C. C. A.) 44 F.(2d) 897.

Let an order for judgment in favor of the plaintiff be submitted in accordance with this opinion.