## Camp, Adm. v. Prudential Ins. Co. of America, Appellant.

Argued September 29, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADT-FELD and PARKER, JJ.

*Kendall H. Shoyer,* and with him *Frederick J. Shoyer,* for appellant.—Where the insured brings about an assault upon himself by his own wronful act, or places himself in a position that may be reasonably expected to bring about an assault upon him, an injury so received is not effected by accidental means: Trau v. Preferred Accident Insurance Company, 98 Pa. Superior Ct. 89; Hesse v. Travelers Insurance Company, 299 Pa. 125; Taliaferro v. Travelers' Protective Association of America, 80 Fed. 368.

*Milford J. Meyer,* for appellee.

OPINION BY STADTFELD, J., December 16, 1932:

This is an appeal by defendant company from a judgment entered against it and in favor of plaintiff on a rule for judgment for want of a sufficient affidavit of defense. An action of assumpsit was brought by plaintiff as administrator of the estate of Robert S. Camp, deceased, to recover on two policies of life insurance issued upon the life of Robert S. Camp, the sum of $386 accidental death benefits.

The policy provided, inter alia: "Upon receipt of due proof that the insured after attainment of age fifteen and prior to the attainment of age seventy, has sustained bodily injury, solely through external, violent and accidental means, occurring after the date of this policy and resulting in the death of the insured within

ninety days from the date of such bodily injury while this policy is in force, and while there is no default in the payment of premium, the company will pay in addition to any other sums due under this policy and subject to the provisions of this policy an accidental death benefit equal to the face amount of insurance stated in this policy, less the amount of any disability benefit which has become payable under this policy, on account of the same bodily injury, except as provided below." Then follow certain exceptions which are not material to the decision of this case.

Plaintiff's statement avers that the premiums were paid under the policies; that on or about January 25, 1932, the insured was killed by reason of being assaulted and violently struck with the hand and fist of one Martin Kundervitch, causing the said Robert S. Camp, the assured, to fall and strike an iron rail or other portion of the track of the Broad Street Subway in Philadelphia, and, as a result of the injuries sustained, he died on the same day. Proofs of death were forwarded to defendant. Plaintiff was paid the ordinary amounts under the policies, but defendant refused to pay the sum of $386 accidental death benefits.

Paragraph 8 of the supplemental affidavit of defense sets forth the facts in connection with the death of the insured as follows: "Defendant expressly denies that the insured, Robert S. Camp, was killed through external, violent and accidental means within the meaning of the provision of the contract relating thereto. On the contrary, defendant specifically avers that about two A. M., on the morning of Tuesday, January 26, 1932, the insured, while partially intoxicated, approached one Martin Kundervitch, at that time a complete stranger to the insured, on the platform of the Broad Street Subway and attempted twice to snatch Kundervitch's newspaper from his hands. After being warned twice by the said Kundervitch to go away and

let him alone, the insured raised his fist and was about to strike the said Kundervitch, when the latter, in self-defense, struck the insured with his fist. At the time of the altercation aforesaid Kundervitch was standing with his back to the wall, and the insured as he faced Kundervitch with his back to the tracks was not more than three feet from the edge of the station platform. Kundervitch's blow caused the insured to reel off the platform and to fall on to the tracks. As a result of the insured's head coming in violent contact with the iron rail or other portion of the track of the subway, the insured sustained injuries which resulted in his death on January 28, 1932. Defendant further avers that the said Robert S. Camp, by his own conduct, invited the violence used against him by the said Martin Kundervitch, and that the injuries which he suffered therefrom were the reasonable consequences of his own act and should have been anticipated by him.''

Plaintiff thereupon entered a rule for judgment for want of a sufficient affidavit of defense, which rule the court below, BLUETT, J., made absolute. From the judgment so entered this appeal was taken.

The questions involved are whether or not the death of the insured resulted from accidental means under the terms of the policy, and also whether or not the lower court was justified in granting summary judgment on the pleadings.

The court below relied on two decisions of the Supreme Court of Missouri, to wit: Lovelace v. Travelers' Protective Association of America, 126 Mo. 104, 28 S. W. 877; and Eicks v. Fidelity and Casualty Co. of New York, 300 Mo. 279, 253 S. W. 1029. In the Lovelace case, death resulted after an assault by the assured on another, and that other drew a pistol from his pocket and fired at the assured and killed him. The court held in that case that ''there is no proof whatever that the assured had any cause or reason-

able ground to anticipate that he would be shot or killed if he undertook to evict Graves from the hotel." In the Eicks case the deceased and another engaged in a backyard argument, during the course of which the deceased advanced upon the other, who was a smaller and weaker man, whereupon the latter picked up a broom and struck the deceased, killing him. The court held that death was accidental, and that an injury, not anticipated and not naturally to be expected as a probable result by the insured, although intentionally inflicted by another, is an accidental injury within the terms of the policy. In this case, the insurance company contended that an injury received by the insured in an assault upon another was not an injury effected through accidental means, citing in support thereof various authorities. The Missouri Supreme Court refused, however, to follow them, inasmuch as the courts of that state had always held to a contrary rule. We quote from its opinion, pp. 299, 300: "Most of these, and other like cases, were cited, and were considered by this court in Berryman v. Southern Surety Co., 285 Mo. 379. Supplemental to the cases mentioned, many decisions by courts of other jurisdictions are cited in cases not involving assaults, but arising out of injuries received in many and varied forms of voluntary exertion by the insured persons, wherein was drawn a distinction between 'accident,' and 'accidental means.' Upon this line of distinction it is insisted 'that an injury which is the unforeseen or unexpected result of an intended act is not an injury sustained or effected through "accidental means," but that the cause, i. e., the means, which occasioned such injury, must be accidental and unintended.' The distinction is one that has not been drawn by the appellate courts of this state."

Our own court recognized the distinction between "accident" and "accidental means" in Trau v. Pre-

ferred Accident Insurance Co., 98 Pa. Superior Ct. 89. We quote from the very exhaustive and well considered opinion of our Brother KELLER, pp. 91, 92: "To secure indemnity under the policy the injury must have been caused by *means* which were outward, not natural, and which happened by chance or unexpectedly. Did the plaintiff's injury come within these requirements?

"It may be admitted, for the purposes of this case, that the injury was an accidental one, that is, that it happened by chance or unexpectedly; but that is not the test. Was it caused by *means* which were external, not natural, and which happened by chance or unexpectedly? There is no decision in the appellate courts of this Commonwealth squarely on the point, and the decisions in other jurisdictions are not uniform, but we think the weight of authority and the sounder reasoning are opposed to the appellant's claim." . . . . . .

P. 94. "So in this case, had the insured while strapping the trunk slipped and fallen, causing the hernia in question, the injury would have been caused by external, violent and accidental means; but when, as here, the operation of strapping the trunk is not interrupted or deflected by some outward happening, but in the exercise of usual and ordinary force results in an unexpected internal strain producing rupture, the *occurrence* though accidental would not amount to any injury caused by *external and accidental means.* 'A means is not accidental when employed intentionally, though it produces a result not expected or intended': Maryland Casualty Co. v. Spitz, 246 Fed. 817, 818 (McPHERSON, J.). See also Hesse v. Traveler's Ins. Co., 299 Pa. 125."

Our Supreme Court in Hesse v. Traveler's Insurance Co., 299 Pa. 125, also held to the distinction between "accident" and "accidental means." There the insured died while undergoing an operation, the sole cause of death being his hyper-susceptibility to the

anaesthetic. The court pointed out that although the result was unfortunate and unforeseen and might be deemed accidental, certainly there was nothing accidental about the means, because all those employed in the course of the operation were intentional and unattended by slip or mishap of any kind. Consequently, plaintiff was denied a recovery.

In Taliaferro v. Travelers' Protective Association of America, 80 Fed. 368, it was held that where the insured brings about an assault upon himself by his own wrongful act, or where he, under such circumstances that he would naturally be presumed to know that the injury is likely to be inflicted, voluntarily incurs an obvious hazard of this character, or places himself in a position that may be reasonably expected to bring about an assault upon him, the injury so received is not effected by accidental means.

In the case of Horan v. Prudential Insurance Co., 104 Pa. Superior Ct. 474, 159 Atl. 69, our own court expressed its approval of the rule in the Taliaferro case in the following language by our Brother BALDRIGE, p. 70 Atl. Rep.: ''There is no dispute that the insured met his death through external and violent means; but was it by accidental means? The answer depends on whether the insured culpably provoked or induced the act which resulted in his death. If his death was the natural and probable consequence of his own act and should have been foreseen, it was not effected by accidental means: Erb. v. Commercial Mut. Acc. Co., 232 Pa. 215, 81 A. 207.''

Defendant's affidavit of defense avers (Par. 8): ...... ''that the said Robert S. Camp, by his own conduct invited the violence used against him by the said Martin Kundervitch, and that the injuries which he suffered therefrom were the reasonable consequence of his own act and should have been anticipated by him.'' This raised a question of fact which should

be passed upon by the jury, or by the court if sitting without a jury. This is in accordance with the principle laid down by textbook writers as well as by the cases in most jurisdictions.

"It is for the jury to determine whether or not death by being shot by another is an accident, where the evidence is conflicting as to whether or not insured's own wrongful conduct produced his death, or he voluntarily and intentionally committed acts from which he foresaw, or should have foreseen, that death or injury might result": Couch, Cyclopaedia of Ins. Law, vol. 5, p. 4072, Sec. 1158.

"Whether the death of an insured was caused by an accident is for the jury, unless the evidence is so convincing that all reasonable men in the fair exercise of their judgment would adopt the same conclusions" (citing cases): Cooley, Briefs on Insurance (2d ed., 1928), vol. 6, p. 5291.

"It is for the jury to pass upon all questions of fact as to which there is conflicting evidence, such as ...... whether the injury, disability, or death was caused by external, violent and accidental or other means......": 1 C. J., p. 508, Sec. 337.

We believe that this case is not one for a summary judgment on the pleadings. The facts should be fully developed and the case decided thereon with due consideration of the authorities which we have cited.

The assignment of error is sustained, and the judgment of the lower court is reversed and a procedendo awarded.